IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PAUL EUGENE WEBSTER,       )
                               )
         Petitioner,       )
                               )
      v.               )       Civil Action No. 3:11cv654-WKW
                               )              (WO)
UNITED STATES OF AMERICA,   )
                               )
         Respondent.     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion for relief under 28 U.S.C. § 2255.

## I.   BACKGROUND

On January 9, 2007, a jury found the petitioner, Paul Eugene Webster ("Webster"), guilty of possessing a firearm as a convicted felon, in violation 18 U.S.C. § 922(g)(1).  On June 19, 2007, upon finding that Webster had three prior convictions for violent felonies, the district court sentenced Webster pursuant to the Armed Career Criminal Act ("ACCA")[1] to 188 months in prison.

Webster appealed, arguing that the district court erred in refusing to instruct the jury on two theories of defense: justification for and innocent possession of the firearm in question.  On October 15, 2008, the Eleventh Circuit entered an opinion rejecting Webster's

---

[1] The ACCA imposes a mandatory minimum sentence of fifteen years in prison if a defendant convicted under 18 U.S.C. § 922(g) has "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another...." *See* 18 U.S.C. § 924(e)(1).

arguments and affirming his conviction and sentence. *United States v. Webster*, 296 Fed. App'x 777 (11th Cir. 2008) (unpublished). Webster filed a petition for certiorari review with the United States Supreme Court, which that court denied on February 23, 2009. *See Webster v. United States*, 129 S.Ct. 1384 (2009) (No. 08–8214).

On August 15, 2011, Webster filed this § 2255 motion (Doc. No. 1),[2] in which he argues that one of his three prior convictions found by the district court to constitute a "violent felony" for purposes of the ACCA – a 1980 Alabama conviction for first-degree escape – no longer qualifies as a violent felony under the ACCA and that he should therefore be resentenced without application of the ACCA's enhanced statutory minimum.[3]

A defendant convicted of a § 922(g)(1) offense who has three prior convictions for violent felonies or serious drug offenses faces a mandatory statutory minimum 15-year prison term under the ACCA. *See* 18 U.S.C. § 924(e)(1). The statutory maximum sentence for a defendant convicted of a § 922(g)(1) offense without the ACCA enhancement is 10 years in prison.[4] *See* 18 U.S.C. § 924(a)(2).

---

[2] References to document numbers ("Doc. No.") are those assigned by the Clerk of Court in the instant civil action or, where applicable, in Webster's criminal proceedings, Case No. 2:06cr266-WKW. Page references to pleadings are to those assigned by CM/ECF.

[3] The Government correctly observes that while Webster purports to set forth four grounds in his § 2255 motion, each ground is predicated on the same argument: that Webster's conviction for first-degree escape no longer qualifies as a violent felony under the ACCA and that he should therefore be resentenced without application of the ACCA.

[4] Although the most significant effect of application of the ACCA to Webster was the mandatory statutory minimum of 15 years in prison, Webster also excepts to the effects ACCA classification had on his sentencing guidelines calculation. A defendant who is sentenced under the
(continued...)

The Government responds that Webster's motion is time-barred by the one-year limitation period applicable to 28 U.S.C. § 2255 motions and that, in any event, his claim is meritless. *See* § 105 of the Antiterrorism and Effective Death Penalty Act (AEDPA).[5] After careful consideration of the parties' submissions and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Webster's § 2255 motion should be denied.

## II.   DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the

---

[4](...continued)
ACCA is also an "armed career criminal" under the sentencing guidelines, which affects the defendant's offense level and criminal history category. *See* U.S.S.G. §§ 4B1.4(a)-(c).  An armed career criminal's offense level is the greatest of (1) the otherwise applicable offense level; (2) the offense level under U.S.S.G. § 4B1.1 (the career offender provision), if applicable; (3) 34, if the defendant, among other things, used or possessed the firearm in connection with a qualifying offense; or (4) otherwise, 33. *See* U.S.S.G. § 4B1.4(b).  An armed career criminal's criminal history category is the greatest of (1) the otherwise applicable criminal history category or the criminal history category from § 4B1.1 (the career offender provision), if applicable; (2) VI, if the defendant, among other things, used or possessed the firearm in connection with a qualifying offense; or (3) IV. *See* U.S.S.G. § 4B1.4(c).

[5] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...."

**B.     Whether Webster's Prior Conviction for First-degree Escape Is a Violent Felony under the ACCA**

Webster contends that his 1980 conviction for first-degree escape in violation of § 13A-10-31, Ala. Code 1975, should not have been counted as a violent felony under the ACCA.  Doc. No. 1 at 4-8.  He argues that his escape conviction does not qualify as violent

felony under *Sykes v. United States*, ___ U.S. ___, 131 S.Ct. 2267 (2011) (petitioner's felony conviction under Indiana law for fleeing law enforcement in a vehicle counted as a violent felony for purposes of the ACCA), and *Darby v. United States*, Civil Action No. 2:09cv52-WHA, 2011 WL 1217303 (M.D. Ala. 2011) (petitioner's conviction for third-degree escape under Alabama law did not constitute a violent felony under the ACCA). He specifically contends that his escape conviction does not qualify as violent felony under the ACCA because his offense was not violent in any manner and did not present a serious potential risk of physical injury to others. *Id*.

The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The last phrase of § 924(e)(2)(B)(ii) is called the "residual clause." *United States v. Proch*, 637 F.3d 1262, 1266 (11th Cir. 2011).

The Alabama statute at issue here, § 13A-10-31, Ala. Code 1975 as amended 1979, provides as follows:

> (a)  A person commits the crime of escape in the first degree if:
>
> (1) He employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody; or

> (2)  Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction.

> (b)  Escape in the first degree is a Class B felony.

§ 13A-10-31, Ala. Code 1975.[6]

In determining whether a prior conviction qualifies as a violent felony under the ACCA, courts generally employ a categorical approach, looking no further than "the fact of conviction and the statutory definition of the prior offense." *Sykes*, *supra*, 131 S.Ct. at 2272 (internal quotation marks omitted).  But when the judgment is ambiguous, a court uses the modified categorical approach, and may look at the facts underlying the predicate conviction by consulting "any charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *United States v. Palomino Garcia*, 606 F.3d 1317, 1336–37 (11th Cir. 2010).  Undisputed facts in the presentence investigation report ("PSI") may also be relied upon in making an ACCA assessment.  *United States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006); *see United States v. Stuckey*, 499 Fed. App'x 862, 864 (11th Cir. 2012).

The undisputed facts underlying Webster's 1980 conviction for first-degree escape, as set forth in his PSI, reveal that Webster, while in custody in the Lee County, Alabama, jail, was discovered by jail authorities to be half way through a hole in the wall he had created.

---

[6] The language of § 13A-10-31, Ala. Code 1975, has remained unchanged since Webster's 1980 conviction.

6

*See* PSI at 8, ¶ 43.  A knife was found in Webster's possession.[7]  *Id.*

The Government acknowledges that there is no evidence Webster used or threatened to use physical force against another person in his attempt to escape from jail and that, therefore, it cannot be presumed he was convicted under subsection (a)(1) of § 13A-10-31 of the Alabama first-degree escape statute or that his conviction fell, as a consequence, within the ambit of clause (i) of 18 U.S.C. § 924(e)(2)(B) of the ACCA.[8]  However, the Government contends that the circumstances of Webster's escape clearly amounted to a violation of subsection (a)(2) of § 13A-10-31, which, the Government says, constituted a violent felony under the residual clause of § 924(e)(2)(B)(ii) because the offense involved conduct that presented a "serious potential risk of physical injury to another."  *See* 18 U.S.C. § 924(e)(2)(B)(ii).  In making this argument, the Government relies on the Eleventh Circuit's recent holding in *United States v. Proch*, 637 F.3d 1262 (2011).

In *Proch*, the Eleventh Circuit held that a conviction for escape from jail or from custody while being transported to or from jail, pursuant to a Florida statute, Fla. Stat. Ann.

---

[7] According to the PSI, between October 1977 and May 1980 Webster was convicted and sentenced for various felonies, including kidnapping, grand larceny, and second-degree theft of property.  *Id*. at 6-8, ¶¶ 40-42.  In December 1979, Webster was paroled.  *Id*. at 6-7, ¶¶ 40-41.  Not long after, however, Webster was jailed in Lee County on a parole violation warrant that issued based on a second-degree theft he committed in January 1980.  *Id*. at 7-8, ¶ 42.  His conviction on the first-degree escape charge, in October 1980, resulted in his being sentenced to life imprisonment under Alabama's habitual felony offender statute.  *Id*. at 8, ¶ 43.

[8] The Government maintains that a conviction for first-degree escape pursuant to § 13A-10-31(a)(1) would constitute a violent felony under the ACCA because § 13A-10-31(a)(1) requires the use or threatened use of physical force, an essential component of 18 U.S.C. § 924(e)(2)(B)(i).

§ 944.40,[9] categorically qualified as a violent felony under the residual clause of the ACCA. 637 F.3d at 1268–69.  The court reasoned that, like burglary, escapes from custody would likely cause "an eruption of violence" upon discovery while the police attempted to apprehend the escapee, and such an eruption clearly presents a serious potential risk of physical injury.  *Id*. at 1269.  Escape from custody is a "stealth crime that involves a high degree of recklessness," and is "purposeful, violent and aggressive because it involves a choice that will almost certainly be responded to with force, and potentially violent force, by the police."  *Id*.

Applying the modified categorical approach to Webster's case, the undisputed circumstances of Webster's escape – which involved an attempt to leave custody in a secured setting – indicate that his conduct presented a serious potential risk of physical injury to another and was therefore, for purposes of the ACCA's residual clause, indistinguishable from the escape from jail or custody offense in *Proch*.  Because Webster's conviction for first-escape from a jail qualifies as a violent felony under the residual clause, the district court did not err in counting the conviction for purposes of the ACCA.  Therefore, Webster is not entitled to collateral relief based on this claim.

### C.     Limitation Period

Because there is no merit to Webster's claim that his sentence under the ACCA is

---

[9] Under Fla. Stat. Ann. § 944.40, "[a]ny prisoner confined in any prison, jail, private correctional facility, road camp, or other penal instution ... or being transported to or from a place of confinement commits a felony of the second degree."

improper, his motion is also time-barred by the one-year limitation period applicable to §
2255 motions.

Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period for motions filed
pursuant to § 2255 begins to run from the latest date of–

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United
> States is removed, if the movant was prevented from making a motion by such
> governmental action;

> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Here, the Supreme Court denied Webster's petition for certiorari review of the
Eleventh Circuit's affirmance of his conviction and sentence on February 23, 2009. *See
Webster v. United States*, 129 S.Ct. 1384 (2009) (No. 08–8214). On that date, then,
Webster's judgment of conviction became final. *Jones v. United States*, 304 F.3d 1035, 1038
n.5 (11th Cir. 2002); *see also Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir.
2001). Therefore, for purposes of § 2255(f)(1), the one-year limitation period began to run
on February 23, 2009, and expired on February 23, 2010. Webster's § 2255 motion,
however, was not filed until August 15, 2011.

Webster submits that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year after the Supreme Court's decision in *Sykes v. United States*, ___ U.S. ___, 131 S.Ct. 2267 (2011), and this court's decision in *Darby v. United States*, Civil Action No. 2:09cv52-WHA, 2011 WL 1217303 (M.D. Ala. 2011).

As for Webster's reliance on *Darby*, a decision of this court obviously cannot confer a newly recognized right under § 2255f(3), which requires that the right asserted be newly recognized by the United States Supreme Court. 28 U.S.C. § 2255(f)(3). As for *Sykes*, the Supreme Court's holding that a felony conviction under Indiana law for fleeing law enforcement in a vehicle *is* a violent felony under the ACCA did not create a newly recognized right supporting Webster's argument that his Alabama conviction for first-degree escape is not a violent felony under the ACCA. *See* 131 S.Ct. at 2270.

A more apt Supreme Court decision for Webster to cite as conferring a right at least arguably supportive of his claim is *Chambers v. United States*, 555 U.S. 122 (2009), where the Supreme Court made it clear that an escape is not categorically a "violent felony" under the ACCA. In *Chambers*, the Supreme Court held that an Illinois conviction for escape, better described as failure to report, was not a violent felony. 555 U.S. at 127-30. *Chambers* "rejects the notion that all escapes are created equal." *United States v. Lee*, 586 F.3d 859, 869 (11th Cir. 2009) (quoting *United States v. Harrison*, 558 F.3d 1280, 1294 (11th Cir. 2009)); *id*. at 870-72 (cataloging the distinctions between walkaway escapes and escaping from secure custody); *Chambers*, 555 U.S. at 126-28 (finding that "[t]he behavior that likely

10

underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody.").

But a claim in Webster's case predicated on *Chambers* would still be untimely under § 2255(f)(3). As noted, § 2255(f)(3) provides a one-year limitation period running from "the date on which the right asserted was initially recognized by the Supreme Court."[10] *Chambers* was decided on January 13, 2009. Webster's § 2255 motion was not filed until August 15, 2011, over two years and seven months later. Consequently the alternative commencement date for the limitation period provided for in § 2255(f)(3) does not apply in Webster's case and his § 2255 motion is time-barred by the one-year limitation period of § 2255(f).[11]

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Webster be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **June 14, 2013**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections

---

[10] Section 2255(f)(3) also requires that the Supreme Court decision has been "made retroactively applicable to cases on collateral review," but it is unnecessary to reach that issue here. The issue of the retroactive application of *Chambers* on collateral review has not been decided by the Eleventh Circuit.

[11] Because *Chambers* did *not* hold that escapes or attempted escapes from secured custodial settings fail to qualify as violent felonies under the ACCA, it ultimately affords Webster little support for the merits of his claim.

will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 31st day of May, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE